```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

NATURAL RESOURCES DEFENSE            )
COUNCIL, INC., et al.,               )
                                     )
            Plaintiffs,              )
                                     )
    v.                               )    No.  11 C 2937
                                     )
METROPOLITAN WATER RECLAMATION       )
DISTRICT OF GREATER CHICAGO,         )
                                     )
            Defendant.               )

<u>MEMORANDUM ORDER</u>

Metropolitan Water Reclamation District of Greater Chicago ("District") has filed its Answer, including a group of affirmative defenses ("ADs"), to the Clean Water Act citizens' suit brought against it by three not-for-profit corporations. This sua sponte memorandum order is occasioned (1) by one language glitch and (2) by the proliferation of ADs (10 in number) advanced by District.

First, each of District's several efforts to invoke the disclaimer of Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for obtaining the benefit of a deemed denial has curiously departed (unintentionally, it may safely be assumed) from that Rule's straightforward language. Instead of stating that District "lacks knowledge <u>or</u> information sufficient to form a belief about the truth of an allegation," each of the paragraphs "denies knowledge <u>of</u> information sufficient to form a belief...." That altered language doesn't have the same meaning, and this

Court orders that the usage throughout the Answer be amended to track Rule 8(b)(5).[1]

More substantively, this Court's usual reaction to a laundry list of ADs is to require the pleader to do some fine tuning after reading (1) this Court's App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001) as well as (2) relevant caselaw applying Rule 8(c). But here it appears that neither the repetitive nature of the ADs nor their substantive viability needs to be addressed at this time. Instead this Court will await the outcome of the settlement discussions to which District refers--once the proposed Consent Decree referred to there is consummated (or perhaps founders for lack of ultimate agreement), it will be appropriate to confer with the litigants as to the effect of that outcome on the ADs and the future of this lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 12, 2011

---

[1] That can be done, if so desired, by a one-paragraph amendment to the present Answer, rather than supplanting that pleading by a self-contained Amended Answer.